**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WHOLE FOODS MARKET GROUP, INC. | : : : | Case No. 1:17-cv-01079-RCL |
| *Plaintiff*, | : : | |
| v. | : : | |
| WICAL LIMITED PARTNERSHIP, | : : | |
| *Defendant*. | : | |

**DEFENDANT WICAL LIMITED PARTNERSHIP'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Wical Limited Partnership ("Wical"), by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR 7(h) of the Local Rules of this Court, respectfully moves for summary judgment on all counts of Plaintiff Whole Foods Market Group, Inc.'s ("Whole Foods") Amended Complaint. For the reasons set forth more fully in the accompanying memorandum of points and authorities, the Court should grant summary judgment in Wical's favor and against Whole Foods for the following reasons:

    1.    There is no genuine issue of material fact that Whole Foods materially breached the Lease at issue in this case, and that it did so without excuse;

    2.    Accordingly, Wical was excused from any further performance as a matter of law; and

    3.    There is no genuine dispute of material fact that Wical has acted in accordance with its rights and obligations under the Lease at all times;

    4.    If the Court concludes that material issues of fact exists with respect to liability, the Court should still grant summary judgment in favor of Wical on Whole Foods' damages claims because: 1) most of Whole Foods' claimed damages are consequential and not recoverable under

1

the terms of the Lease as a matter of law; 2) Whole Foods failed to offer an expert to opine on its lost profits; and 3) Whole Foods failed to produce adequate supporting documentation for its claimed damages.

**WHEREFORE**, for the foregoing reasons and those more fully set forth in the accompanying Memorandum and related papers, any opposition and reply, and at any oral argument, Wical respectfully requests that the Court:

1. Grant Wical's Motion for Summary Judgment;

2. Enter judgment in Wical's favor and against Whole Foods on Counts I through IV;

3. Award Wical its reasonable attorney's fees incurred in defending this action in order to enforce its rights under Paragraph 18(C) of the Lease;

4. Award Wical its costs incurred in this action;

5. Enter an order requiring the Clerk to release all funds deposited by Whole Foods into the Court in connection with this matter to Wical; and

6. Award further relief as this Court deems just and proper.

## Oral Hearing Requested

Pursuant to LCvR 78.1, Wical requests an oral hearing on this Motion.

Dated: June 28, 2019                                  Respectfully submitted,

/s/      Moxila A. Upadhyaya
J. Douglas Baldridge (D.C. Bar No. 437678)
Moxila A. Upadhyaya (D.C. Bar No. 494373)
Kevin W. Weigand (D.C. Bar No. 1004998)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 344-4000
Facsimile: (202) 344-8300
jbaldridge@venable.com
maupadhyaya@venable.com
kwweigand@venable.com

*Counsel for Defendant Wical Limited Partnership*